IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02224-PAB-MEH

JAMI BORGMANN, individually and on behalf of minor children, S.B. and E.B.,
JUSTIN BORGMANN, individually and on behalf of minor children, S.B. and E.B.,
TONY AUYANG,
MARY RITZ,
JAMES RITZ,
ROBBY ORBANOSKY,
JUDITH ORBANOSKY,
HANNAH ORBANOSKY,
PHILIP WINTERLAND,
JOSLYN WINTERLAND,
STEVAN ADJEMIAN,
ASHLEY ADJEMIAN,
KELSY HERRICK, individually and on behalf of minor children, D.H. and M.H. and
JEFFREY HERRICK, individually and on behalf of minor children, D.H. and M.H.,

     Plaintiffs,

v.

WEYERHAUSER COMPANY, and
WEYERHAUSER NR COMPANY,

     Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

     Before the Court is Plaintiffs' Motion to Withdraw Deemed Admissions and for Leave to Serve Responses [filed January 11, 2019; ECF No. 124]. The Court heard this matter in part on August 28, 2018. ECF No. 89. At that time, Plaintiffs' counsel essentially conceded that Plaintiffs submitted untimely responses to Defendant's[1] requests for admissions ("RFAs") served on Plaintiffs Jami Borgmann and "M.H." Tr. 5: 17-25; 16: 12-16, ECF No. 98. The Court concluded that, since

---

[1] At all relevant times, including the briefing of this matter, Weyerhauser Company was the only named Defendant in this case.

the parties had insufficient time to confer on the responses submitted, it was premature to rule on whether the challenged requests could be deemed admitted. *Id.* 16: 3-7, 21-24. The Court set the matter for a further conference on September 10, 2018; however, the parties alerted the Court that "they ha[d] made progress in resolving their discovery dispute" and requested that the conference be vacated. ECF No. 91. The present motion followed four months later.

Plaintiffs contend that while they "failed to timely respond to the RFAs" within the deadline set forth in Fed. R. Civ. P. 36(a), the rule also permits withdrawal of deemed admissions if no prejudice inures to the producing party. ECF No. 124 at 2-3. Plaintiffs assert that, since the deemed admissions would have a "catastrophic" effect on the Plaintiffs' claims and would cause no prejudice to Defendant here, where discovery has not closed and no trial date has been set, the Court should grant their request to withdraw the deemed admissions. *Id.*

Defendant counters that it would, in fact, suffer prejudice by withdrawal of the admissions in that Plaintiffs have provided contradictory and "confusing" discovery responses, but deeming the requests concerning Plaintiffs' damages admitted would alleviate any confusion and permit Defendant to prepare its expert reports within the current deadline. ECF No. 131 at 2. In addition, Defendant asserts that Plaintiffs overstate the effect of deeming the requests admitted, since the admissions simply "narrow the scope of damages" to which Jami Borgmann and M.H. are purportedly entitled rather than destroy their claims altogether. *Id.*

Plaintiffs reply that they had submitted supplemental responses on February 1 and 7, 2019, which should alleviate any concerns raised by Defendant. ECF No. 136. They also contend that deeming admitted all requests served on Borgmann would "foreclose" "well over 75% of her claims and damages" and one of the requests served on M.H. would not "permit her to maintain her claims

for emotional injuries." *Id.* at 2-3.[2]

Rule 36 provides that "[a] party may serve upon any other party a written request to admit" the truth of certain matters. Fed. R. Civ. P. 36(a)(1). If the receiving party fails to respond to the request within 30 days, or within such other time as the court may allow, the matter is deemed admitted. Fed. R. Civ. P. 36(a)(3).

Once a matter is admitted, it "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The court may permit such withdrawal or amendment "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.*; *see also Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005). The first part of the test "emphasizes the importance of having the action resolved on the merits and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Raiser*, 409 F.3d at 1246 (quoting *Perez v. Miami–Daid Cnty.*, 297 F.3d 1255, 1266 (11th Cir.2002)). Regarding the second part of the test, "[m]ere inconvenience does not constitute prejudice." *Id.* Rather, the prejudice "relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id.* (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir.1995)).

While both parties allege delay and other discovery "obstacles" against each other, the Court finds, in the end, that justice requires presentation of the merits of the claims in this case. With that said, the Court expresses its bewilderment that Plaintiffs failed to heed its admonition at the August 28, 2018 conference regarding the necessity to respond immediately to notice of a missed deadline,

---

[2]With respect to M.H., Plaintiffs state, "only a few deemed admissions should be withdrawn to avoid injustice," but they identify only one, "the deemed admission to RFAs 3." *Id.*

3

particularly in seeking leave to extend such deadline or, in this case, to seek withdrawal of deemed admissions. ECF No. 98, 6: 19-25, 7: 1-6; 9: 4-20. As stated above, the present motion was filed four months after the parties notified the Court they had essentially resolved the dispute and, although Defendant raised the timing of this motion in its response brief, Plaintiffs still failed to explain their inaction.

Nevertheless, and in accordance with Fed. R. Civ. P. 36(b), the Court finds no prejudice will inure to Defendant by withdrawing deemed admissions 1-6 served on Borgmann and deemed admission 3 served on M.H. First, Defendant has had the opportunity to depose the Plaintiffs. Second, Defendant has neither rebutted the fact that Plaintiffs served supplemental responses in early February nor challenged such responses as insufficient. And, third, the March 18, 2019 expert witness deadline has come and gone with no word from Defendant as to whether it was unable to effectively disclose its expert witness(es). The discovery deadline is still almost two months away and, thus, sufficient time remains for any discovery into the requests for admission, if necessary. *See Raiser*, 409 F.3d at 1246 (prejudice results from the difficulty a party may face in proving its case). The Court presumes, based on Defendant's silence since its February 1, 2019 response, that it will require no additional time for discovery, but the Court would entertain any well-supported request.

In sum, the Court finds that withdrawal of deemed admissions 1-6 served on Borgmann and deemed admission 3 served on M.H. will promote the presentation of the merits of Plaintiffs' claims in this case. Accordingly, Plaintiffs' Motion to Withdraw Deemed Admissions and for Leave to Serve Responses [filed January 11, 2019; ECF No. 124] is **granted** as set forth herein.

SO ORDERED.

Dated this 2nd day of April, 2019, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge