**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-02224-PAB-MEH

JAMI BORGMANN, individually and on behalf of minor children, S.B. and E.B.,
JUSTIN BORGMANN, individually and on behalf of minor children, S.B. and E.B.,
TONY AUYANG, an individual,
MARY RITZ, an individual,
JAMES RITZ, an individual,
ROBBY ORBANOSKY, an individual,
JUDITH ORBANOSKY, an individual,
HANNAH ORBANOSKY, an individual,
PHILIP WINTERLAND, an individual,
JOSLYN WINTERLAND, an individual,
STEVAN ADJEMIAN, an individual,
ASHLEY ADJEMIAN, an individual,
KELSEY HERRICK, individually and on behalf of minor children, D.H, M.H., and M.H,
JEFFREY HERRICK, individually and on behalf of minor children, D.H, M.H., and M.H,

      Plaintiffs,

v.

WEYERHAEUSER COMPANY,
WEYERHAEUSER NR COMPANY,

      Defendants.

---

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE OVERLENGTH**
**MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFFS' EXPERT**

---

Pursuant to Practice Standard III.A, Defendants Weyerhaeuser Company and Weyerhaeuser NR Company ("Weyerhaeuser") hereby respectfully move for leave to file an overlength motion to exclude the testimony of plaintiffs' proposed expert witness Warren Harris. Specifically, Weyerhaeuser requests leave to file a motion that is fifteen pages in length, accompanied by an appendix that is twenty-four pages in length. This appendix is necessary to identify the specific grounds for excluding each of Mr. Harris's forty-six opinions, as required by Practice Standard III.G. Weyerhaeuser's motion to exclude is due to be filed on or before May

24, 2019.

Pursuant to Local Rule 7.1(a), undersigned counsel for Weyerhaeuser certifies that he personally conferred with counsel for Plaintiffs and is authorized to state that Plaintiffs do not oppose the relief sought in this motion.

## BACKGROUND

In his expert report, Mr. Harris presents forty-six proposed opinions that he intends to offer at trial. To support each of these opinions, Mr. Harris cross references a subset of fifty-eight statements contained in another section of his report. Weyerhaeuser intends to file a motion to exclude all forty-six of Mr. Harris's opinions. Practice Standard III.G. requires that Weyerhaeuser's motion "identify with specificity each opinion the moving part seeks to exclude" and "shall also identify the specific ground(s) on which each opinion is challenged, e.g., relevancy, sufficiency of facts and data, methodology." Weyerhaeuser cannot address with specificity its multiple bases for excluding each of Mr. Harris's forty-six proposed opinions in only fifteen pages. Accordingly, Weyerhaeuser requests leave to file an Appendix to its motion. The Appendix is a table that lists Mr. Harris's opinions and provides (1) citation to the statements in his report that he asserts support each opinion, (2) selected examples of his deposition testimony regarding the bases for each of these statements, and (3) a specification, by citation to sections of its motion, of the bases on which Weyerhaeuser seeks to exclude each opinion.

## ARGUMENT

Weyerhaeuser's substantive arguments and support for excluding Mr. Harris's opinions are all contained in its motion, which complies with the page limit set by the Court. This motion,

by necessity, addresses Mr. Harris's opinions in broad categories and describes the reasons each category is inadmissible. The motion also indicates which of Mr. Harris's arguments fall within each category. But only the Appendix addresses each opinion with specificity and provides the deposition testimony that supports exclusion of each of Mr. Harris's statements.

Weyerhaeuser believes this Appendix will be helpful to the Court because it provides example excerpts of Mr. Harris's deposition testimony with respect to each opinion he offers. This will alleviate any need for the Court to page through Mr. Harris's deposition transcript, which is more than 300 pages long.

In the alternative, if the Court would prefer, Weyerhaeuser requests leave to file, with its motion that is fifteen pages long, an Appendix that is four pages long. This version of the Appendix would contain citations to Mr. Harris's testimony with respect to each of his opinions, but would not include the text of his testimony. Weyerhaeuser believes that the longer version of the Appendix, which does contain the text of the expert's testimony, would be more helpful to the Court, but defers to the Court's preference on that point.

## CONCLUSION

For the reasons stated, Weyerhaeuser respectfully requests that the Court grant Weyerhaeuser leave to file an overlength motion to exclude the forty-six opinions offered by plaintiffs' proposed expert Warren Harris. Plaintiffs do not oppose this motion.

DATED this 20th day of May, 2019

Respectfully submitted,

**PERKINS COIE LLP**

By: *s/ Daniel P. Ridlon*
    Craig M. J. Allely, #17546
    CAllely@perkinscoie.com
    Michael A. Sink, #36064
    MSink@perkinscoie.com
    Daniel Graham, #45185
    DGraham@perkinscoie.com
    Lindsey E. Dunn, # 49547
    LDunn@perkinscoie.com
    Marcus A. Haggard, #50388
    MHaggard@perkinscoie.com
    1900 Sixteenth Street, Suite 1400
    Denver, CO  80202-5255
    Telephone:  303.291.2300
    Facsimile:  303.291.2400

    Daniel P. Ridlon, WSBA #37927
    DRidlon@perkinscoie.com
    Leigh E. Sylvan, WSBA #52415
    LSylvan@perkinscoie.com
    1201 Third Avenue, Suite 4900
    Seattle, Washington 98101-3099
    Telephone: 206.359.8000
    Facsimile: 206.359.9000

**Attorneys for Defendants,
WEYERHAEUSER COMPANY
WEYERHAEUSER NR COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

>Mark W. Nelson
>mark@nelsonlawfirm.net
>
>Colleen S. Nelson
>colleen@nelsonlawfirm.net
>
>Jeffrey Scott Sweeney
>scott@nelsonlawfirm.net

>>>*s/ Daniel P. Ridlon*
>>>   Daniel P. Ridlon

144426423.1